Etta M. COLLIER, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 03–55467.

D.C. No. CV–02–05110–AJW.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

Etta M. Collier, Carson, CA, pro se.

Mark A. Win, SSA–Social Security Administration, San Francisco, CA, for Defendant–Appellee.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Etta M. Collier appeals the district court's summary judgment affirming the Commissioner of the Social Security Administration's denial of her application for Title XVI Supplemental Security Income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision, and we review for substantial evidence and legal error the Administrative Law Judge's ("ALJ") decision. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). We affirm.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

On remand from the district court to further develop the record, Collier refused to cooperate or undergo further testing and explicitly stated that she desired the ALJ to determine her eligibility for benefits on the existing record. The record, however, contained no evidence that Collier's psychiatric condition constituted a severe impairment lasting longer than 12 months; in fact, her treating physician opined that she would likely recover in 12 months with suitable treatment. The record also indicated that Collier passed the Los Angeles County civil service examination 13 months after her initial diagnosis of depression and was presently gainfully employed. Therefore, the ALJ's determination that Collier was not disabled was supported by substantial evidence in the record. *See id.*

Collier's remaining contention based on 20 C.F.R. § 416.1483 is unavailing because the district court specifically remanded the case to develop what was at best, an inconclusive record. *See* 20 C.F.R. §§ 416.912–416.916, 416.1435 (stating that claimant has an affirmative duty to cooperate in procuring evidence material to the disability claim).

AFFIRMED.